May it please the Court, Andre Belanger on behalf of Mr. Adrian Hammond. What I'd like to do this morning is to discuss whether or not defense counsel's objection at the revocation of supervised release hearing was a sufficient enough objection in light of Holguin v. Hernandez to place this into an abusive discretion standard of review. And I believe that we do. And what I'd like to do is really focus on the context of those proceedings and how that objection was made this morning. In Holguin v. Hernandez, as the Court is aware, the Supreme Court now allows an attorney who references a lower standard to have preserved the issue properly on appeal when an upward departure of variance is granted. In this particular case, we do not have a sentencing memorandum from defense counsel requesting a specific sentence, nor do we have defense counsel arguing for a specific sentence at the revocation hearing. We do have a government memorandum that requests a sentence within the guideline range and an argument for the upper end of the guideline range. And it is so. That is the backdrop of where we come into this hearing and this sentence. But didn't the probation report also request? The probation report did make reference to the possibility of an upward departure based on a prior downward departure for substantial assistance. And the trial court, when it imposed its sentence, that was, in my opinion, what was referenced as the specific reason. And then wrapped around that was references to trust and leniency. But with regards to going into the hearing, it was going to be undisputed that Mr. Hammond was going to be convicted of a Class C violation. He was given two violations, and he admitted to one. And so that set the—he knew going into that hearing that he was going to be facing that five to 11 months' worth of imprisonment, regardless of what the outcome was, for purposes of the advisory guidelines under the second violation. So counsel's objection is not necessarily towards the merits of him being adjudicated, because they've admitted a violation. Secondly, the—you know, with regards to the government's arguments did not ask for an upward departure, either in memorandum or at the hearing. And I do think that when the court issued its very significant non-guideline sentence compared to the advisory recommendation, it caught counsel flat-footed on that. But she did make the objection right after it was pronounced, and that is, realistically, the only objection is towards the type of sentence imposed. I don't think there's any other way to look into the record for that. And so if the court is inclined to view my argument in that light, then we can go and look at the abuse of discretion standard. I know the government has argued a plain error analysis, but we just respectfully disagree with that, and I can comment on that if time permits. The court, when it was sentencing Mr. Hammond, really went into great detail, in my opinion, as to the mechanics of what happened at his prior sentencing, noting that, yes, you did get a little bit of a downward departure, and then also then gave you a big downward variance, and went into some detail on that. It was almost half of what the bottom of the guidelines were, right? Yes, sir. It was a very significant downward variance. And the judge at that time, at the time of the sentencing, even commented that this was going to be a great opportunity for the offender to get his life together and get back on the right track. Is that correct? That is correct. That is correct. And while he has breached some trust for violating the Terms and Conditions of Supervisory Release— That was my point. That was my point, is that it would not be uncommon for the judge to feel as though the opportunity he gave was not taken advantage of, and, in fact, was used by the defendant to go forth and do things that were just as bad. I definitely concur that the court was upset with, in consideration of the downward variance and the track record that Mr. Hammond was presenting himself going into the revocation hearing. But I'd also like to keep in mind that these were two Class C violations. One is for a DWI arrest that is still pending as of two weeks ago. And one of the things that I think goes to when you start weighing the factors for the reasonableness of standards, Mr. Hammond did complete some substance abuse treatment from the time of that arrest up into his revocation hearing. He was not detained for the revocation hearing, and I don't believe that the record shows sufficient weight was given to that factor. I thought the judge was influenced pretty strongly by testimony that Hammond sent someone other than himself to take the drug test. That is something that the court found by preponderance of evidence to have taken place, and that is certainly something that the court did consider. In mitigation of that, Defense Exhibit 5 that was filed in connection with the hearing shows a list of the tests that Mr. Hammond did take. And I noted that on March 18th, he did pass a drug test, and then for about a week after that. The fact that he sent someone in his place, that's a fairly flagrant violation, isn't it? That is certainly a violation of the substance abuse requirement. Mr. Hammond obviously disputed that. The drug person that tested him said he knew Mr. Hammond, knew what he looked like, had lots of interaction with him, and the person that showed up to take the test was not Mr. Hammond. He did. And I can't get around that testimony, Your Honor. There may have been some other questions I would have liked to have asked, and I've been trial counsel, but I'm stuck with that record. And I do understand Judge DeGravel saying that this is a breach of trust, but when we look into the policy statements going into Chapter 7, it all presupposes that any violations of the supervised release conditions are breaches of trust. And so the question, I guess, then becomes is the magnitude of the higher sentence. To me, just looking at this, just looking at what was recommended and what was imposed, we're literally off the charts for criminal history Category 3 for a Grade C violation. At the time of his sentencing, did Judge DeGravel, in his colloquy, state, if you violate any of the conditions of supervised release, you may be ordered to serve in prison all or part of the term of supervised release? Yes, sir. Those are standard . . . Well, that's what I'm assuming. Yes. I mean, you can recite it by rote if you spent any time at the district court as either a lawyer, a judge, or a defendant for that matter. They pretty much know this. Yes. You know, and everyone is aware that the advisory guidelines are now just advisory, but there is a tremendous magnitude of difference here with what was recommended and what was imposed. I mean, as we stand here today, this morning, if he had gotten a low end of the guideline sentence, he'd be home. That's why I appreciate the court granting us the expedited consideration. I appreciate the government not opposing that, but he has now served six months in prison, and so I would not necessarily be here. The policy statement that allows for the court to consider an upward departure when a offender has previously been given a downward departure is certainly, obviously, something that the court can consider and take into consideration if it did want to depart upward. But as I am reading the court's reasonings that were put out there, there is not a litany of other factors saying because of this, I tie this to this 3553A factor. Because of this, I tie this to this 3553A factor, and so I'm weighting it, and like I did to you before when I gave you some leniency, I gave you the benefit of a downward departure and then the benefit of a downward variance, I'm now going to give you the opposite of that. I'm going to hit you with an upward departure for prior assistance and violating your terms of supervised release, and then because of all these other things, I'm now going to impose an upward variance. And so I do think the magnitude of the up . . . What's your best case that says this is impermissible, this is an abuse of discretion? I don't necessarily have a best factual case to come up here that is factually similar. I know that the reasons for judgments for an upward variance is something that should be put into reasonings. The Supreme Court's Rita case discusses it and even gives the recognition that the reasons don't . . . they can be brief. But we do need to have some reasonings, and I would submit to the court that the leniency and breacher of trust in and of themselves are not 3553A factors, they could be tied into some perhaps, but I don't think the record is clear as to that in this particular case. Was there any supervised release imposed, refresh my memory, imposed after this revocation sentencing? In other words, he's not being put back on supervised release after this, right? I don't believe so, Your Honor. I believe it's just a . . . Oh, it was the lengthy prison term and then he gets out and there's no supervised release. That's my recollection. If I'm wrong, I apologize, but that's my recollection. I don't believe in saying more than I need to say or say what I've already have written, so I'm willing to cut this a few minutes short, but it will entertain any other questions by the court. Thank you, Counsel. Thank you, Counsel. Thank you all very much. Thank you, Your Honors. May it please the court, my name is Colin Clark, I represent the United States of America. Just a note of objection to the court's ruling, Your Honor. That is what trial counsel said after the revocation hearing, defense counsel. The district court imposed sentence, discussed the rights of appeal, asked if there's anything further from the government, asked if there's anything further from the defendant. So many of the judges on this court have trial experience. What does that put you on notice for? What argument are they trying to make? I think the only fair answer to that question is, I don't know. Is it an argument about whether the defendant got proper notice of an upward departure? Is it dealing with a substantive reasonableness question that the sentence was out of proportion with the 3553A factors? Was it that the district court shouldn't have found that the second violation had sufficient evidence? We don't know. Therefore, all of these errors are reviewed under the plain error standard. There's nothing preserved dealing with these three issues that counsel has brought today. Do you contend the only issue is that lack of notice allegation? As a matter of preservation, none of them are preserved in terms of argument waiver. I think this court has discretion to review all three issues that were put in the appellant brief. However, if you look at Federal Rule of Appellate Procedure 28A, an argument is supposed to have a summary, a heading, citations to the record, authorities. You don't have that with all three of these arguments. You certainly don't have it for the third argument about whether the employee of the drug screening facility saw or was familiar with Adrian Hammond. So certainly that argument, I think, could be, as argument waiver, could be waived, and this court could decline to reach it. As to the other two, I think it's a close call, and I would leave it up to the discretion of the court. But sort of putting this brief, this somewhat disorganized brief, into organization, there are three arguments that I understood that Mr. Hammond was making. First is that he didn't have adequate notice for the upward departure. First, there is no such notice rule. Rule 32H applies to sentencing. In fact, it talks about a pre-sentence report, not a violation worksheet. The rules governing revocations are in Rule 32.1. In fact, and I cited on-point cases that say that the Chapter 7 advisory policy statements are not, do not require advanced notice. Did the government argue orally that there should be an upward departure? My memory of the record at the revocation sentencing is that the Assistant United States Attorney, we argued that there should be a significant sentence and left it at that. And in the memo, memorandum, as Defense Counsel noted, I believe we said that a guideline sentence may be appropriate, but also noted, and I believe this is on page 606 of the record, that an upward departure may be warranted. And so I don't think that we argued for a specific sentence all the way through. I think we were deferring to the court in some manner. Let me ask you generally, is there any, is there anything about the plea agreement or the fact that the defendant was afforded a 5K that inhibits the government from circumstances like this, when in circumstances like this with a revocation, from asking for an upward departure? In other words, are you tethered at all to the prior agreement under circumstances like this where a person is on supervisory release, has already gotten the benefit, and now has done something like send an imposter to take a drug test? The answer is no. There's no, and perhaps look at it, I would say look at it like this. The government can argue that there can be obstruction and acceptance of responsibility in certain cases, and in other cases, like this one, you can argue that there was cooperation that deserved a benefit at that time that was given, and then later, upon further bad behavior, he deserves to be punished because he was granted that earlier leniency. Because just like the district court, we expect people to follow the rules of supervision. That's our . . . But did the government argue that, in fact, the offender didn't accept responsibility at all because given the chance to leave prison and participate in supervised release, he flouted all of the rules or some of the rules of supervised release. Can't the government disavow the acceptance of responsibility argument? I think the best answer to that question is that because those specific rules don't apply in the revocation context, because there's no acceptance rule, because there's no 5K, then no, there's no tether, and there's no inconsistent argument when you say you should punish him more harshly because you gave him leniency on the front end, and on the front end. The United States did not want the significant variance below the guidelines, and we thought that that was unwarranted at the time. But he got a 5K, so he did something to help . . . He did something, but it's all about balance, and as I recall from the original sentencing hearing, the balance that we thought was there was a . . . Well, the reason I'm asking is to go back to something you said earlier that the government, at the time of the revocation hearing, said that it should be a substantial sentence. And of course, that's a relative term. Substantial to the defendant is a lot less than substantial to the government is maybe top of the guidelines, and substantial to this judge was the sentence that he imposed. So it's a bit of a vagary that could have been fine-tuned at the time of the revocation, it seems to me. It was a vagary, and it was perhaps a purposeful vagary. In sentencing practice, many, many prosecutors want to give the judge that power and defer to the court. Well, we already have that power. The district judges have the power. What we like is suggestions and people taking positions that we can take into account. If the government says, well, we think you should depart upward, well, that's good to know. So telling a judge that the sentence should be substantial, I guess, is a bit of an unhelpful platitude. I'm not being critical of you or your office, because this happens all the time across the country. It just seems like it would be more helpful if the government would say, we think these offenses or violations of supervised release in this case are so egregious that the court should depart upward, and here's what we think an appropriate sentence would be. And not speaking, perhaps, to the particularities of this case, many times as an advocate, I want to keep my powder dry, so when I really mean it, I ask for an above-guideline sentence. Good point. But in this case, we said that an upward departure may be warranted or might be warranted, words to that effect, as did the probation officer in the violation worksheet. So he knew that this upward departure was at least on the table prior to the hearing. So there's no notice issue. And as to the substantial reasonableness issue, because it's not preserved, we're under a very deferential standard of review. There's the white law case that essentially says if it's within the statutory limits, we're not going to find plain unreasonableness, something to that effect. And so there really isn't a lot of wiggle room unless he brings a case that shows, under these kinds of facts, it's unreasonable, and he hasn't done that. This court asked him for his best case, there's no best case, there's no case. In fact, I mean, in the appellant's brief, there just weren't very many cases at all. So when you're looking at three issues of plain error, there's not much in terms of the ability for this court to reverse when there's no clear authority that the district court violated. And as to the third argument, I'm kind of surprised, based on the record, Mr. Childers said he'd seen him 40-plus times over four and a half years, and the argument is that he wasn't familiar with the guy, and just doesn't seem to have any bearing on the record. So we have these three arguments. There's an alleged notice ruled doesn't exist, the notice was satisfied. There was, as to this argument about the drug screener, there's an argument that he didn't have the ability to know who Hammond was as an imposter, and that's not true. And then you have this second argument that the sentence was substantially unreasonable. But we have Mr. Hammond who says, this departure applies. On page 12 of the opening brief, he says, this departure is applicable to these facts. The argument is the extent of the departure. And for that, you need authority that says the district court can't do it, and he hasn't done it. In fact, this court routinely upholds sentences that are in excess of the guidelines, but within the statutory limits, so I don't see where he's coming from on this one. And I respect counsel for Hammond, and I think that he's thought about this case a lot, I don't see it this way. And without belaboring this court's time, I am willing to sit down unless the court has further questions. Thank you, counsel. Thank you for your time. May it please the court, interesting that we are bringing up the white law case this morning. White law would actually be reversed in part because of the Hoagland-Hernandez decision. In white law, I believe that the defendant was requesting a lower end of a sentence, which was not specifically done here, and that's why we get to the context of what is this objection. Again, we knew going in that we were going to be adjudicated guilty of a Class C violation as a Category 3 offender facing a 5 to 11 month sentence. That was not going to be in dispute. And so, again, the government did not ask for the upward departure in writing, and I appreciate the court's question on what a substantial term means, and I read Mr. Stevens's saying about the substantial term in context to what he wrote the court earlier, and that let's go towards the higher end of 11 months, as opposed to he could have clearly have said, Your Honor, I may have asked for 5 to 11 months, but in light of what has happened here today, I actually think you need to upward depart, and he didn't do that, and he's an experienced trial attorney. The issue on what was properly preserved, as this court is aware of, I believe it was the Cotto-Mendez case, this court has read Hoagland to be pretty limited in scope and recognizes that what constitutes a preserved error has not necessarily been articulated by the high court. But under the factual circumstances of this case, that objection could only be one thing, and that is to the higher level of sentence. The respect for breach of trust and the leniency I don't think are properly articulated as 3553A factors. I think we just had a very just general reference to the statute, and I think more is required to give that reason. And even under plain error analysis, a failure to give the specific reasons in this case to justify the magnitude of the upward departure, I do think would be a clear error, and I do think that the lack of articulating the reasons in a little bit more detail to justify exactly where we're going with each particular factor, I do think undermines the judicial process and I think that that would constitute a plain error analysis, but again, that's an alternative argument that I'm making. My main argument is that we should go with the abuse of discretion because we have a properly preserved objection. Thank you for your time. This is the third time I've had to appear in front of this court, and it's always an honor. Thank you.